ROLANDO CRUZ, en su calidad de COMISIONADO DE SEGUROS, peticionario, *v.* BUILDERS INSURANCE COMPANY, demandada; ASOCIACIÓN DE GARANTÍA DE SEGUROS DE TODAS CLASES, ETC., interventora y recurrida.

Número: O-78-370     Resuelto: 10 de abril de 1979

626

*Héctor A. Colón Cruz, Procurador General, y Maggie Correa Avilés, Procuradora General Auxiliar,* abogados del Comisionado de Seguros; *Cancio, Nadal & Rivera,* abogados de la Asociación de Garantía de Seguros de Todas Clases Excepto de Vida, Incapacidad y Salud de Puerto Rico.

■ PER CURIAM: El recurrente, Rolando Cruz, Comisionado de Seguros de Puerto Rico, al amparo de la Sec. 40.010 y ss. del Código de Seguros, 26 L.P.R.A. sec. 4001 y ss., está llevando a cabo la liquidación de Builders Insurance Co. El procedimiento de liquidación de un asegurador se realiza mediante orden del Tribunal Superior al efecto, 26 L.P.R.A. sec. 4002, y sujeto a las instrucciones de dicho tribunal, 26 L.P.R.A. sec. 4008(5).

■ En el presente caso el tribunal ordenó, que toda moción para la disposición de activos de dicho asegurador, o para transigir respecto a los mismos, fuese notificada a la Asociación de Garantía de Seguros de Todas Clases Excepto de Vida, Incapacidad y Salud de Puerto Rico, concediéndole un plazo de 10 días para oponerse a dichas mociones. El Comisionado de Seguros presentó recurso de *certiorari* objetando a dicha orden. Resolvemos que la misma debe ser dejada sin efecto.

■ La Asociación interventora fue creada al amparo de la Ley Núm. 134 de 23 de julio de 1974, Art. 38.010 y ss. del Código de Seguros, 26 L.P.R.A. sec. 3801 y ss. Se trata de una asociación compulsoria por ley compuesta por todos los aseguradores autorizados a tramitar seguros en Puerto Rico, excepto seguros de vida, incapacidad y salud. Esa Asociación se crea con el propósito principal de satisfacer reclamaciones exigibles bajo pólizas de seguros contra aseguradores miembros, declarados insolventes por el Tribunal Superior, evitando así dilación y pérdidas a los reclamantes. La Asociación viene obligada a satisfacer reclamaciones que se le

presenten entre $50 y $150,000. Los dineros para el pago de dichas reclamaciones provienen de un fondo creado mediante derramas que a los aseguradores miembros se imponen en proporción a las primas anuales que cada uno haya suscrito en Puerto Rico, hasta un máximo de un 2% de dichas primas. Los aseguradores miembros pueden recobrar hasta un 75% de dichas derramas, mediante aumentos en las primas de seguro. La Asociación es mecanismo mediante el cual las reclamaciones contra un asegurador insolvente se absorben por la industria de seguros, en primera instancia, y por los compradores de seguros a la larga.

El procedimiento para obligar a la Asociación se inicia mediante notificación que el Comisionado de Seguros le cursa de la declaración de insolvencia de un miembro insolvente. El Comisionado, o su representante, debe también notificar a la Asociación una lista de las reclamaciones pendientes. La Asociación se subroga en los derechos y obligaciones del asegurador insolvente en relación con dichas reclamaciones y en los derechos de reclamantes a quienes satisfaga sus reclamaciones. La Asociación debe informar al Comisionado, o a su representante, de las reclamaciones satisfechas y tiene respecto a las mismas, la misma preferencia en la liquidación, que hubiese tenido el reclamante.

La Asociación puede transigir, ajustar y pagar reclamaciones que se le presenten y puede revisar, para objetar, reclamaciones transigidas, relevos y sentencias contra el asegurador insolvente. Puede también presentar defensas contra acciones pendientes en los tribunales contra dicho asegurador y a tales fines esas acciones se suspenden durante 60 días desde la fecha de la declaración de insolvencia.

Mediante la Ley Núm. 30 de 11 de julio de 1978, se le concedieron a la Asociación derechos adicionales en el procedimiento de liquidación de un asegurador insolvente. Uno de esos derechos consiste en conceder a las reclamaciones de la

Asociación preferencia sobre los acreedores generales del asegurador. Art. 40.120 del Código de Seguros.

Otro derecho, más pertinente a la cuestión aquí envuelta, es el derecho que el nuevo Art. 40.121 del Código de Seguros concede a la Asociación sobre los activos del asegurador insolvente. Dicho Art. 40.121 provee para que dentro de los 120 días a la orden de liquidación, el administrador someta al tribunal una propuesta para distribuir a la Asociación los activos del asegurador insolvente. (1) La distribución está sujeta a que la Asociación devuelva activos que sean necesarios para pagar reclamaciones, de acuerdo con las prioridades establecidas en el Art. 40.120. La distribución debe hacerse a base de las reclamaciones que se estime habrá de satisfacer la Asociación, o de los activos disponibles, si estos son insuficientes.

Ante lo anterior es evidente el interés que la Asociación tiene sobre los activos de un asegurador insolvente. Bajo el citado Art. 40.121 la Asociación tiene derecho a recibir los activos del asegurador insolvente hasta el límite de las reclamaciones a ser satisfechas por dicha Asociación, pero bajo condición de devolverlos para satisfacer reclamaciones contra el asegurador.

En cuanto al propósito de la distribución de activos el Informe Conjunto de las Comisiones de Comercio e Industria y de lo Jurídico de la Cámara de Representantes expresa que:

"Se propone la presente enmienda para que las asociaciones de garantía tengan derecho a usar los activos existentes del asegurador insolvente como un balance inmediato a los dineros adelantados por la Asociación, por concepto del pago de reclamaciones por ésta a los tenedores de pólizas y reclamantes, teniendo éstos prioridad sobre las reclamaciones de acreedores generales."

---

(1) El administrador es el Comisionado de Seguros, V. 26 L.P.R.A. secs. 4007(12) y 4008(1).

También expresa dicho informe que:

"Resulta equitativo y justo que el fondo de garantía reciba un adelanto del caudal del asegurador insolvente para facilitar la operación inmediata de los diversos fondos de las asociaciones de garantía y para reducir los potenciales daños y el costo a los tenedores de pólizas de los diversos fondos de garantía. Se evitará a su vez cargas inequitativas a diferentes generaciones de tenedores de pólizas.

A estos efectos se adiciona el Artículo 40.121."—Vol. 16 *Servicio Legislativo de Puerto Rico,* pág. 856.

■ El Art. 40.121 añadido al Código de Seguros mediante la Ley Núm. 30 de 11 de julio de 1978 ya estaba en vigor cuando el tribunal ordenó la intervención de la Asociación, a fines de que pudiera objetar a la disposición de activos del asegurador insolvente. Como explicaremos más adelante, la ley no provee esa intervención por parte de la Asociación. Correspondería al Tribunal aprobar o no la propuesta del administrador, si éste la formulase, para, de los activos clasificados de dicho asegurador, "distribuir activos, de cuando en cuando y según dichos activos se encuentren disponibles, a la Asociación de Garantía de Seguros de Todas Clases Excepto Vida, Incapacidad y Salud de Puerto Rico y/o la Asociación de Garantías de Seguros de Vida, Incapacidad y Salud de Puerto Rico. La Asociación de Garantía de Seguros de Todas Clases Excepto Vida, Incapacidad y Salud de Puerto Rico y la Asociación de Garantía de Seguros de Vida, Incapacidad y Salud de Puerto Rico se denominarán colectivamente, de aquí en adelante, 'las Asociaciones' ", según reza el citado Art. 40.121 (1). No surge de los autos que se hiciese tal propuesta ni que se aceptase o rechazase.

La Asamblea Legislativa fue minuciosa al disponer sobre los detalles del procedimiento de liquidación relacionados con la intervención de la Asociación, pero en ninguna disposición del procedimiento anterior ni del actual surge la autorización a la Asociación a intervenir para objetar la disposición de activos de un asegurador insolvente. Esa intervención tendría

el efecto de prolongar y hacer más costoso el procedimiento de liquidación. La rapidez y economía fueron los principales factores que motivaron la legislación disponiendo que la liquidación de aseguradoras se encomendara a los comisionados de seguros y no a liquidadores nombrados por los tribunales. Appleman, 19 *Insurance Law and Practice* (1949) pág. 573. La intervención de la Asociación en el sentido expresado es contraria a esos propósitos.

■ La intervención de la Asociación en la disposición de activos tampoco está autorizada como medio fiscalizador dirigido a asegurar que los negocios que realice el Comisionado, o su representante, sean acertados u honestos. La supervisión del tribunal sobre el proceso de liquidación cubre ese propósito. Además, la fianza oficial del Comisionado responde de su "debida administración" de dicho activo, pudiendo el tribunal exigir a él o a sus auxiliares fianza adicional, si la considera deseable. 26 L.P.R.A. sec. 4008(5).

La Ley Núm. 134, creadora de la asociación interventora, creó también la Asociación de Garantía de Seguros de Vida, Incapacidad y Salud, con propósitos similares. Hay diferencias entre los poderes y facultades de esas dos asociaciones, que surgen de las clases de seguros envueltos. La Asociación de Garantía de Seguros de Vida, Incapacidad y Salud tiene la obligación adicional de garantizar la continuidad de las cubiertas. 26 L.P.R.A. sec. 3902. Siendo sus responsabilidades distintas, también lo son sus facultades. Dicha Asociación, a petición del Comisionado, puede asesorarlo en relación a la rehabilitación, pago de reclamaciones, continuidad de cubiertas y cumplimiento de obligaciones del asegurador y puede comparecer al tribunal en lo relacionado con sus poderes y deberes, incluyendo propuestas para reasegurar o garantizar las pólizas del asegurador y determinar las pólizas cubiertas y obligaciones contractuales. 26 L.P.R.A. sec. 3908, incisos (7) y (8). Obsérvese, sin embargo, que los poderes adicionales que tiene la Asociación mencionada, la de Garantía de

Seguros de Vida, Incapacidad y Salud, no incluyen el de intervenir en la disposición de activos del asegurador insolvente.

▮ Ante tan minuciosas disposiciones de ley forzoso es concluir que la Asamblea Legislativa no tuvo el propósito de conferir a las asociaciones de garantía de seguros poderes de intervención en la disposición de activos de aseguradoras insolventes. Esa intervención no estaría en armonía con un rápido y económico procedimiento de liquidación. Corresponde a la Legislatura permitir esa intervención, si luego de considerar los intereses envueltos, la estima apropiada.

No estamos expresando juicio sobre si la Asamblea Legislativa debe o no hacer eso. Sólo señalamos que hacerlo o no es su prerrogativa y no la nuestra.

*Se dejará sin efecto la orden recurrida.*

El Señor Juez Presidente disintió.