TEXTO COMPLETO DE LA SENTENCIA
I
La Asociación de Garantías de Seguros Misceláneos de Puerto Rico ("la Asociación") solicita la revisión de una resolución emitida el 8 de agosto de 2000 por el Tribunal de Primera Instancia, Sala Superior de Ponce, en el procedimiento de epígrafe sobre daños y perjuicios presentado contra la parte recurrida, J.A. Construction Corp. ("JA."), y otras partes. Mediante el dictamen en cuestión, el Tribunal declaró sin lugar una moción de sentencia sumaria presentada por la Asociación, fundada en que la reclamación en su contra no estuvo precedida por el trámite administrativo requerido por el art. 30.080 del Código de Seguros, 26 L.P.R.A. see. 3808.
Mediante resolución emitida el 29 de septiembre de 2000, concedimos término a la parte recurrida para que compareciera a mostrar causa por la cual no debíamos expedir el auto solicitado, revocar la resolución recurrida y, en su lugar, ordenar la desestimación de la demanda.
El término concedido ha transcurrido. Procedemos según lo intimado.
n
Según se desprende del expediente, la recurrida J.A. es una entidad dedicada a la construcción. A la fecha relevante a la presente controversia, dicha parte había sido contratada por la cadena Pizza Hut para realizar ciertas obras de remodelación en el restaurante operado por esta última en el Centro Comercial Plaza del Oeste en Ponce.
*788 J.A. subcontrató a Hernán Torres y/o C.A.D. Developers, Inc. ("C.A.D. Developers") para llevar a cabo los trabajos. Entre otras cosas, se otorgó una cláusula de relevo ("hold harmless") a favor de J.A. por cualquier reclamación que surgiera como consecuencia de los trabajos. Para esta fecha, dichas partes contaban con una póliza de seguros emitida por la compañía El Fénix de Puerto Rico ("El Fénix").
El día 29 de octubre de 1996, la Sra. Ménica Lantigua sufrió un accidente al visitar el referido restaurante Pizza Hut en Plaza del Oeste en Ponce, al resbalar y caer en la entrada del mismo, sufriendo lesiones físicas de gravedad. Alegadamente, el accidente fue provocado por la presencia de un polvo de cemento que se había acumulado en la entrada del lugar como consecuencia de los trabajos de remodelación.
Oportunamente, la Sra. Lantigua, en unión a algunos de sus familiares, instó la presente demanda por daños y perjuicios contra Pizza Hut, J.A. y las compañías aseguradoras de éstas, solicitando compensación por los daños sufridos. Las demandadas contestaron la demanda, negando las alegaciones.
Luego de otros incidentes, J.A. presentó una demanda contra tercero contra C.A.D. Developers y Hernán Torres, solicitando nivelación por cualquier suma que dicha parte viniera obligada a pagar a los demandantes.
Para esta fecha, El Fénix se había acogido al procedimiento de liquidación establecido por el Código de Seguros, 26 L.P.R.A. sees. 4001 y ss. En vista de lo anterior, la Asociación fue incluida en la demanda contra tercero, como entidad responsable de honrar la póliza emitida por el Fénix.
La Asociación presentó una moción de desestimación y/o sentencia sumaria ante el Tribunal de Primera Instancia, aduciendo que dicha entidad no respondía por la reclamación presentada, toda vez que los demandantes no habían agotado el trámite administrativo contemplado por el art. 40.320 del Código de Seguros, 26 L.P.R.A. See. 4032.
La parte recurrida se opuso a dicha solicitud, alegando que su reclamación no estaba sujeta al trámite mencionado, ya que se trataba de una demanda de nivelación basada en el relevo contractual otorgado entre las partes.
El 8 de marzo de 1999, el Tribunal denegó la moción de la Asociación, acogiendo los argumentos de la recurrida. Esta determinación no fue notificada a todas las partes. Posteriormente, el abogado que representaba a la Asociación falleció. Al comparecer la nueva representación de la Asociación al proceso, ésta solicitó reconsideración. Planteó, además, como fundamento independiente para solicitar sentencia sumaria, que la acción de nivelación presentada contra la Asociación estaba prohibida por el art. 38-050 (6) (b) del Código de Seguros, 26 L.P.R.A. see. 3805 (6) (b).
La moción de la Asociación fue finalmente denegada por el Tribunal el 8 de agosto de 2000, mediante la resolución recurrida.
Insatisfecha, la peticionaria acudió ante este Tribunal.
III
En su recurso, la Asociación plantea que erró el Tribunal de Primera Instancia al no desestimar la reclamación contra dicha parte.
La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.2, permite a una parte presentar una moción basada o no en declaraciones juradas, para que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. Partido Acción Civil v. Estado Libre Asociado de Puerto Rico, 150 D.P.R. _ (2000), 2000 J.T.S. 33, a la pág. 681, Piñero González v. Autoridad de Acueductos y Alcantarillados, 146 D.P.R. _ (1998), 98 J.T.S. 140, a la pág. 216; Mattel Nazario v. Vélez & Asoc., 145 D.P.R. _ (1998), 98 J.T.S. 55. a la pág. 924.
*789 La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.3, por su parte, autoriza al tribunal a dictar sentencia sumaria cuando "no existe controversia real sustancial en cuanto a ningún hecho material y ... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente." Véase, en general, Partido Acción Civil v. Estado Libre Asociado de Puerto Rico, 2000 J.T.S. 33, a la pág. 681; Soto Vázquez v. Rivera Alvarado, 144 D.P.R. _ (1997), 97 J.T.S. 145, a la pág. 368; Tello v. Eastern Air Lines, 119 D.P.R. 83, 86 (1987); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986).
El propósito principal de este mecanismo es propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo que no se justifica la celebración de un juicio en su fondo. Partido Acción Civil v. Estado Libre Asociado de Puerto Rico, 2000 J.T.S. 33, a las págs. 681-83; López Stubbe v. Gus Lallande, 144 D.P.R. _ (1998), 98 J.T.S. 9, a la pág. 523.
El Tribunal Supremo de Puerto Rico ha aclarado que la sentencia sumaria procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaría. Rivera Rodríguez v. Departamento de Hacienda, 149 D.P.R. _ (1999), 99 J.T.S. 144, a la pág. 53. Si existen dudas sobre la procedencia de la sentencia sumaria, el Tribunal debe brindar a las partes la oportunidad de una vista evidenciaría. Véanse, Hernández Villanueva v. Hernández, 150 D.P.R. _ (2000), 2000 J.T.S. 26, a la pág. 608; Rivera Rodríguez v. Departamento de Hacienda, 99 J.T.S. 144, a la pág. 53; Bonilla Medina v. Partido Nuevo Progresista, 140 D.P.R. _ (1996), 96 J.T.S. 33, a la pág. 790; Rivera v. Superior Pkg., Inc., 132 D.P.R. 115, 133 (1992).
La determinación de disponer de un pleito mediante este mecanismo, es una que está confiada a la discreción del foro de primera instancia. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 914 (1994).
La parte que solicita la sentencia sumaria tiene que demostrar que no hay controversia real sustancial en cuanto a ningún hecho material y que procede se dicte sentencia a su favor como cuestión de ley. La parte opositora se ve entonces en posición de poner en controversia los hechos presentados por el promovente. Soto Vázquez v. Rivera Alvarado, 97 J.T.S. _, a las págs. 368-369.
Una vez la moción de sentencia sumaria ha sido presentada y se sostenga en la forma provista por la Regla 36 de las de Procedimiento Civil, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en su demanda, sino que viene obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo los hechos pertinentes a la controversia que demuestren que existe una controversia real que debe ser dilucidada en un juicio. De no hacerlo, debe dictarse sentencia sumaria en su contra, si procediere en derecho. Véase, la Regla 36.6 de las de Procedimiento Civil; Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos, 144 D.P.R. _ (1997), 97 J.T.S. 147, a la pág. 400.
En la situación de autos, la reclamación contra la Asociación surge del procedimiento de liquidación contra El Fénix, que fue la compañía aseguradora de los terceros demandados en este caso, seguido al amparo del capítulo 40 del Código de Seguros, 26 L.P.R.A. sees. 4001 y ss.
Según ha aclarado el Tribunal Supremo de Puerto Rico, este tipo de procedimiento constituye un mecanismo especial dirigido a proteger los intereses de los asegurados, reclamantes y acreedores, de cualquier compañía aseguradora cuya condición económica no le permita atender sus obligaciones. La Ley contempla que en primera instancia se trate de rehabilitar a la compañía aseguradora y que, de ello no ser posible, se satisfagan sus obligaciones de la forma más equitativa posible. Ruiz García v. New York Department Stores, 146 D.P.R. _ (1998), 98 J.T.S. 98, a la pág. 1,375; Intaco Equipment Corp. v. Arelis Construction, 142 D.P.R. _ (1997), 97 J. T.S. 32, a la pág. 714; Asoc. de Garantía v. Commonwealth Ins. Co., 114 D.P.R. 166, 173 (1983); Calderón Rosa-Silva & Vargas v. The Commonwealth Insurance Company, 111 D.P.R. 153, 154 (1981).
Una vez se solicita la liquidación de la compañía, el Comisionado de Seguros queda designado como *790 liquidador de la compañía insolvente y adviene en posesión inmediata de los activos de ésta, para administrarlos bajo la exclusiva supervisión del foro judicial. 26 L.P.R.A. see. 4015.
Las reclamaciones contra la aseguradora insolvente tienen que ser presentadas ante dicho funcionario, quien tiene la obligación de atender las mismas por la vía administrativa. 26 L.P.R.A. see. 4032; véase, Calderón Rosa-Silva & Vargas v. The Commonwealth Insurance Company, 111 D.P.R. 153. A esos fines, la ley requiere que se notifique a las personas afectadas, para que presenten sus reclamaciones ante el liquidador. 26 L.P.R.A. see. 4019.
El estatuto dispone que al emitirse la orden nombrando un liquidador de un asegurador, no se presentará ninguna acción en contra de éste o del liquidador "ni se instará una acción de esa naturaleza, luego de dictada la orden." 26 L.P.R.A. see. 4021; Ruiz García v. New York Department Stores, 98 J.T.S. 98, a la pág. 1,375.
La Ley establece a la Asociación como una entidad compulsoria compuesta por los aseguradores autorizados, quien viene obligada a honrar las reclamaciones exigibles bajo pólizas de seguros expedidas por aseguradores miembros de la misma que hubieran advenido insolventes. 26 L.P.R.A. see. 3806. Los dineros para el pago de las reclamaciones cubiertas provienen de derramas requeridas a los aseguradores miembros de la Asociación, en proporción a las primas anuales suscritas en Puerto Rico. Com. de Seguros v. Builders Ins. Co., 108 D.P.R. 625, 627-628 (1979); véase, además, Intaco Equipment Corp. v. Arelis Construction, 97 J.T.S. 32, a la pág. 714.
El art. 38.050 del Código de Seguros define lo que es una "reclamación cubierta" que la Asociación debe atender, estableciendo que la misma "[n]o incluirá cantidad alguna ... que se deba ... por concepto de recobros por subrogación o de otro modo." 26 L.P.R.A. see. 3805.
El artículo 38.080 aclara que:

“Independientemente de otras disposiciones de este Capítulo, una reclamación cubierta no incluirá una reclamación radicada con la Asociación después de la fecha final que fije el tribunal para la radicación de reclamaciones contra el liquidador o administrador del asegurador insolvente. ”

26 L.P.R.A. see. 3808 (a) (1) (C).
El inciso (a) (4) de dicho precepto añade que: "[l]a Asociación sólo tramitará aquellas reclamaciones que le hayan presentado dentro del período establecido ..., aun cuando se haya reclamado por la vía judicial." 26 L.P. R.A. see. 3808 (a) (4). Dicho período, según dispone el art. 40.190, de ordinario, no excederá de seis (6) meses a partir de la emisión de la orden de liquidación. 26 L.P.R.A. see. 4019(2).
Esta claro, de acuerdo a las secciones citadas, que la Asociación no responde por reclamaciones que no hubieran sido oportunamente presentadas ante el Comisionado de Seguros.
En la situación de autos, no existe controversia real sustancial en tomo a que la reclamación presentada en la demanda contra tercero nunca fue presentada ante el Comisionado de Seguros en el procedimiento administrativo contemplado por la Ley. En estas circunstancias, opinamos que no procedía la presentación de dicha reclamación directamente contra la Asociación de Garantía por la vía judicial. Ruiz García v. New York Department Stores, 98 J.T.S. 98, a la pág. 1,375; Intaco Equipment Corp. v. Arelis Construction, 97 J.T.S. 32, a la pág. 714; Calderón Rosa-Silva & Vargas v. The Commonwealth Insurance Company, 111 D.P.R. a la pág. 154.
En su resolución del 8 de marzo de 1999, el Tribunal de Primera Instancia concluyó que la omisión de agotar el trámite administrativo ante el liquidador, no constituía un impedimento para la reclamación contra la Asociación, ya que se trataba de una demanda de nivelación, fundada en la responsabilidad contractual de los terceros demandados.
*791 No entendemos que la distinción propuesta halle fundamento en la ley. Desde el punto de vista de la Asociación, la reclamación presentada en su contra surge de la póliza emitida por El Fénix, por un riesgo cubierto bajo dicho contrato de seguro. La obligación de pago de la Asociación tiene un mismo origen, independientemente de si la reclamación fue ejercitada por la persona que sufrió el daño o, como sucede en este caso, por un demandado que podría tener que pagar por dicha reclamación y que se dirige contra la Asociación en subrogación de los derechos de la demandante, cf., Security Ins. Co. v. Tribunal Superior, 101 D.P.R. 191 (1973).
Más aún, según plantea la Asociación, el Código de Seguros dispone que no se entienden como reclamaciones cubiertas aquéllas que envuelven el recobro de dinero por subrogación. 26 L.P.R.A. see. 3805. Precisamente, el art. 38.120 del Código establece que cuando concurre la póliza de un asegurador insolvente con la de otro que no lo sea, deberá agotarse esta última primero, antes de dirigirse contra la del asegurador insolvente. 26 L.P.R.A. see. 3812.
Toda vez que, en el presente caso, J.A. cuenta con una aseguradora que podría venir obligada a cubrir el riesgo reclamado, dicha entidad no tiene derecho alguno "nivelar" contra la Asociación, hasta tanto no se agote el importe de dicha póliza. Dicha reclamación, en cualquier caso, estaría impedida por no haberse agotado el remedio administrativo ante el liquidador.
Por los fundamentos expresados, se expide el auto y se revoca la resolución recurrida. En su lugar se emite una sentencia parcial ordenando la desestimación de los procedimientos contra la Asociación, por no existir motivo para que se posponga dicho dictamen hasta la terminación del pleito.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIO 2001 DTA 45
1. La insolvencia de El Fénix fue decretada el 16 de septiembre de 1997 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en el caso presentado contra dicha parte por el Comisionado de Seguros, KAC97-0946 (906).